UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 20-CR-170

MICHAEL KARMO,

    Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Richard G. Frohling, United States Attorney for the Eastern District of Wisconsin, and Margaret B. Honrath, Assistant United States Attorney, and the defendant, Michael Karmo, individually and by attorney John Schiro, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in two counts of a three-count indictment returned in this case. Specifically, the defendant has been charged with violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) and Title 26, United States Code, Sections 5861(d) and 5871.

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to Count One, which is set forth, in part, as follows:

*THE GRAND JURY CHARGES THAT:*
*1. On or about September 1, 2020, in Kenosha County, in the State and Eastern District of Wisconsin,*

*MICHAEL KARMO and CODY E. SMITH,*

*knowing that Michael Karmo previously had been convicted of crimes punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and aided and abetted Karmo's possession of firearms.*

*2. The firearms possessed by Karmo previously had been transported in interstate commerce, and the possession of which was therefore in and affecting commerce.*

*3. The firearms are more fully described as:*
   *a. A black EP Armory AR-15 with no serial number;*
   *b. A Taurus PT92AF 9mm handgun, bearing Serial Number TIA60420;*
   *c. A black, cylinder-shaped device with no markings designed and intended to muffle, silence, and reduce the report of a firearm.*

*All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.*

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> *Prior to September 1, 2020, Michael Karmo decided to travel from Missouri to Kenosha, Wisconsin. Karmo decided to make the trip because Kenosha had been the scene of civil unrest following an officer-involved shooting and because President Trump was visiting the area. At the time, Karmo knew that he previously had been convicted of at least one offense punishable by a term of imprisonment exceeding one year and thus was prohibited from possessing firearms and ammunition.*

> *Law enforcement were alerted by a witness that Karmo and an individual accompanying him were bringing firearms to Kenosha. The witness provided text messages and photos sent by Karmo, including one in which he was holding what appeared to be an assault rifle.*

> *On September 1, 2020, FBI agents located and arrested Karmo in Pleasant Prairie, Wisconsin. A search of Karmo's vehicle resulted in the recovery of firearms and ammunition, including: (1) an Armory AR-15, with muzzle device and optic; (2) a Mossberg 500 AB 12-Gauge shotgun, bearing Serial Number 086982; (3) a Taurus*

2

*PT92AF 9mm handgun, bearing Serial Number TIA60420; (4) a homemade suppressor (black, cynlinder-shaped device with no markings); (5) four 30-round 5.56x45 caliber rifle magazines – including one partially loaded with ammunition; (6) two 15-round, 9mm, handgun magazines; (7) two loaded, 17-round, 9mm pistol magazines, plus three additional 9mm rounds; (8) five 12 Gauge shotgun shells; and (9) a partially-loaded 9mm magazine. Law enforcement also recovered body armor, a drone, and drug paraphernalia from the vehicle.*

*A search of Karmo's hotel room resulted in the further recovery of: (1) a loaded Ruger 9mm handgun, bearing Serial Number 336-16364; (2) 67 rounds of 9mm ammunition; and (3) over 130 shells for a 12-gauge shotgun.*

*Karmo hereby admits to possessing the following firearms: the black EP Armory AR-15 with no serial number; the Taurus PT92AF 9mm handgun, bearing Serial Number TIA60420; and the black, cylinder-shaped device with no markings. He further acknowledges that these firearms traveled in interstate commerce prior to his possession of them in Wisconsin.*

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6.   The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum term of imprisonment of ten (10) years and a maximum fine of $250,000. The count also carries a mandatory special assessment of $100 and up to three (3) years of supervised release.

7.   The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNT

8.   The government agrees to move to dismiss Count Two of the indictment as to this defendant at the time of sentencing.

3

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of possession of a firearm by a felon, as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant knowingly possessed a firearm;
> Second, the defendant knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; and
> Third, prior to the defendant's possession, the firearm had been shipped or transported in interstate commerce.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to

4

withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 20 under Sentencing Guidelines Manual § 2K2.1(a)(4)(B). The parties acknowledge and understand that the defendant is not required to join in this recommendation.

## Specific Offense Characteristics

17. The parties acknowledge and understand that based on the number of firearms possessed by the defendant as part of the offense and relevant conduct, the government will recommend to the sentencing court that a 4-level increase applies under Sentencing Guidelines

5

Manual § 2K2.1(b)(1)(B). The parties acknowledge and understand that the defendant is not required to join in this recommendation.

## Role in the Offense

18. Pursuant to Sentencing Guidelines Manual §§ 3B1.1 and 3B1.2, the parties agree to recommend that no adjustment be given for the defendant's role in the offense.

## Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Armed Career Criminal

20. The parties further understand, acknowledge, and agree that the defendant retains the right to move to withdraw his plea and from this agreement if he is determined to be an Armed Career Criminal under 18 U.S.C. § 924(e).

## Sentencing Recommendations

21. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

23. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court, but no greater than 72 months in prison. The defendant is free to recommend any sentence he deems appropriate, including a time-served disposition.

## Court's Determinations at Sentencing

24. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

26. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.

## Special Assessment

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Forfeiture

28. The defendant agrees that all items listed in the forfeiture notice in the indictment were involved in a knowing violation of the offense of conviction. The defendant acknowledges that he has an interest in the listed items and agrees to the forfeiture of these items and to the immediate entry of a preliminary order of forfeiture.

## DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, except that the defendant retains the right to appeal any issue raised in his Motion to Suppress Evidence filed on November 14, 2020, ECF No. 36. The defendant also understands that by pleading guilty he is surrendering certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present

8

witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including

9

any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

34. The defendant agrees to abandon to the FBI all firearms, ammunition, firearm accessories, and other items seized from his residence in Hartville, Missouri, on or about September 3, 2020, for disposition as the FBI sees fit, including destruction.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

### Further Action by Internal Revenue Service

38. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax,

10

interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the indictment.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

40. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 6·6·22

MICHAEL KARMO
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 6-6-22

JOHN S. SCHIRO
Attorney for Defendant

For the United States of America:

Date: 6/6/22

RICHARD G. FROHLING
United States Attorney

Date: 6/6/22

MARGARET B. HONRATH
Deputy Criminal Chief

12