# Conditions of Supervised Release

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to his supervising probation officer in the district to which the defendant has been released.
2. The defendant shall not commit another federal, state, or local crime.
3. The defendant shall not possess any firearms or other dangerous weapons.
4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance.
5. The defendant is to participate in a program of testing to include not more than six urinalysis screens per month together with residential or outpatient treatment for drug and/or alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the direction of his supervising probation officer. The defendant is to refrain from the excessive use of alcohol, defined as having a blood alcohol concentration greater than .08, throughout the supervised release term.
6. The defendant must reside at a residence approved by his supervising probation officer.
7. The defendant shall use his best efforts to secure lawful full-time employment and support his dependents.
8. The defendant shall notify his supervising probation officer at least ten days prior to any change in the place of his residence or employment. When such notification is not possible, the defendant shall notify his supervising probation officer within 72 hours of the change.
9. The defendant shall notify his supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall follow the reasonable instructions of his supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.
11. The defendant shall permit his supervising probation officer to visit him at reasonable times at home, or such other location as may be mutually agreed upon, and shall permit confiscation of any contraband observed in plain view by his supervising probation officer.
12. The defendant shall not associate with any persons known by him to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.
13. The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer.

14. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.
15. The defendant shall participate in a Cognitive Intervention Program as may become available under the direction of his supervising probation officer. Subject to the defendant's ability to pay, he shall pay the cost of such program under the direction of his supervising probation officer.

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of supervised release. The Court concluded that such additional conditions, if any, are best left for further consideration at such time as the defendant may become eligible for release from the custodial portion of the Court's sentence.