# United States District Court
## Eastern District of Wisconsin (Milwaukee)
## CRIMINAL DOCKET FOR CASE #: <u>2:20−cr−00170−JPS</u>−2

Case title: USA v. Karmo et al

Magistrate judge case number:  2:20−mj−00360−SCD

Date Filed: 09/15/2020

Date Terminated: 02/10/2023

Assigned to: Judge J P
Stadtmueller

**<u>Defendant (2)</u>**

| | | |
|---|---|---|
| **Cody E Smith**<br>*TERMINATED: 02/10/2023* | represented by | **Craig W Albee**<br>Federal Defender Services of Wisconsin Inc<br>411 E Wisconsin Ave − Ste 2310<br>Milwaukee, WI 53202<br>414−221−9900<br>Fax: 414−221−9901<br>Email: craig_albee@fd.org<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Federal Public Defender* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18:922(g)(1), 924(a)(2) and 2 −<br>UNLAWFUL TRANSPORT OF<br>FIREARMS, ETC.<br>(1) | |
| 18:922(g)(3) and 924(a)(2) −<br>UNLAWFUL TRANSPORT OF<br>FIREARMS, ETC.<br>(1s) | |
| 26:5861(d), 5871, and 2 −<br>UNLAWFUL TO RECEIVE A<br>FIREARM NOT REGISTERED<br>(2) | |
| 18:922(g)(3), 922(g)(9) and<br>924(a)(2) − UNLAWFUL<br>TRANSPORT OF FIREARMS,<br>ETC.<br>(3) | |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                      **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                             **Disposition**

18:922G.F − Aiding and Abetting
a Felon's Possession of Firearms

---

**Plaintiff**

**USA**                        represented by   **Margaret B Honrath**
                                                United States Department of Justice
                                                (ED−WI)
                                                Office of the US Attorney
                                                517 E Wisconsin Ave − Rm 530
                                                Milwaukee, WI 53202
                                                414−297−1582
                                                Fax: 414−297−4526
                                                Email: Margaret.Honrath@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Assistant US Attorney*

                                                **Richard G Frohling**
                                                United States Department of Justice
                                                (ED−WI)
                                                Office of the US Attorney
                                                517 E Wisconsin Ave − Rm 530
                                                Milwaukee, WI 53202
                                                414−297−4528
                                                Fax: 414−297−1738
                                                Email: richard.frohling@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|------------|---|------|-------------|
| 09/03/2020 | 1 | | COMPLAINT signed by Magistrate Judge Stephen C Dries as to Cody E Smith (1). (kah) [2:20−mj−00360−SCD] |

| 09/03/2020 | | | Arrest Warrant Issued Electronically (Restricted Entry) signed by Magistrate Judge Stephen C Dries as to Cody E Smith. (kah) [2:20−mj−00360−SCD] |
|---|---|---|---|
| 09/03/2020 | | | Case unsealed as to Cody E Smith (kah) [2:20−mj−00360−SCD] |
| 09/03/2020 | | | Arrest of Cody E Smith (kah) [2:20−mj−00360−SCD] |
| 09/03/2020 | 2 | | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Initial Appearance on Criminal Complaint as to Cody E Smith held on 9/3/2020. Govt seeking 3 day hold. Detention Hearing set for 9/8/2020 10:00 AM By Video Conference before Magistrate Judge Stephen C Dries. Zoom connection information to be provided no later than 1 day prior to the hearing. (Tape #Zoom Audio) (kah) [2:20−mj−00360−SCD] |
| 09/03/2020 | 3 | | ORDER OF TEMPORARY DETENTION and Scheduling a Detention Hearing as to Cody E Smith signed by Magistrate Judge Stephen C Dries on 9/3/2020. Detention Hearing set for 9/8/2020 10:00 AM By Video Conference before Magistrate Judge Stephen C Dries. (cc: all counsel, FDS, USM, PTS) (kah) [2:20−mj−00360−SCD] |
| 09/04/2020 | | | ZOOM INFORMATION as to Cody E Smith; Detention Hearing set for September 8, 2020 at 10:00 AM before Magistrate Judge Stephen C Dries. Click here to Join ZoomGov Meeting **Meeting ID: 160 118 0693** and **Password: 150816** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (amb) [2:20−mj−00360−SCD] |
| 09/04/2020 | 4 | | NOTICE OF ATTORNEY APPEARANCE: Craig W Albee appearing for Cody E Smith (Albee, Craig) [2:20−mj−00360−SCD] |
| 09/04/2020 | 5 | | PRETRIAL SERVICES REPORT − POST BOND STUDY (Restricted) filed by US Pretrial Office as to Cody E Smith (NOTICE: Counsel for the defendant is required to provide a copy of this document to the defendant. Parties allowed to view this document may do so by logging in.) (jb) [2:20−mj−00360−SCD] |
| 09/08/2020 | 6 | | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Detention Hearing as to Cody E Smith held on 9/8/2020. Defense requests to continue detention hearing. Detention Hearing set for 9/10/2020 at 10:00 AM by Zoom Video Conference before Magistrate Judge Stephen C Dries. Zoom information to be provided one day before hearing. (Tape #10:05 − 10:08) (amb) [2:20−mj−00360−SCD] |
| 09/09/2020 | | | ZOOM INFORMATION as to Cody E Smith; Detention Hearing set for September 10, 2020 at 10:00 AM before Magistrate Judge Stephen C Dries. Click here to Join ZoomGov Meeting **Meeting ID: 161 784 1302** and **Password: 011202** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (amb) [2:20−mj−00360−SCD] |
| 09/10/2020 | | | NOTICE OF RESCHEDULED HEARING as to Cody E Smith. Per request by Counsel, the Detention Hearing set for 9/10/2020 at 10:00 AM has been RESCHEDULED TO **9/16/2020 at 10:30 AM** By Video Conference before Magistrate Judge Stephen C Dries. Zoom connection information to be provided one day prior to the hearing. (cc: all counsel, USM, PTS)(kah) [2:20−mj−00360−SCD] |

| 09/15/2020 | | | ZOOM INFORMATION as to Cody E Smith; Detention Hearing set for September 16, 2020 at 10:30 AM before Magistrate Judge Stephen C Dries. Click here to Join ZoomGov Meeting **Meeting ID: 161 908 6078** and **Password: 322232** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel) (asc) [2:20−mj−00360−SCD] |
|---|---|---|---|
| 09/15/2020 | 10 | | INDICTMENT as to Michael Karmo (1) Cts 1−2 and Cody E Smith (2) Cts 1−3. (mlm) (Additional attachment(s) added on 9/15/2020: # 1 Information Sheet, # 2 Unredacted Indictment) (mlm). |
| | | 9 | *Main Document* |
| | | | Attachment # 1 *Information Sheet (Not Attached)* |
| | | | Attachment # 2 *Unredacted Indictment (Not Attached)* |
| 09/16/2020 | | | NOTICE OF HEARING as to Cody E Smith: Pursuant to Indictment, the Detention Hearing set for 9/16/2020 at 10:30 AM will now also be an Arraignment & Plea via Zoom Video Conference before Magistrate Judge Stephen C Dries. (cc: all counsel)(asc) |
| 09/16/2020 | 12 | | Minute Entry for Arraignment & Plea as to Cody E Smith (2) Count 1,2,3 held on 9/16/2020 before Magistrate Judge Stephen C Dries: Defendant advised of rights, charges, penalties and fines. Court orders GJ materials disclosed no later than 1 business day prior to trial. Speedy Trial Date 11/24/2020. Not Guilty Plea entered by Cody E Smith on counts 1,2,3. Case referred to Magistrate Judge Nancy Joseph: Motions due by 10/1/2020, Responses due by 10/12/2020, Replies due by 10/19/2020. Trial dates to be set at a later date. The court orders the deft detained pending trial. (Court Reporter Zoom Audio) (asc) (Entered: 09/22/2020) |
| 09/16/2020 | 13 | | PRETRIAL ORDER as to Cody E Smith signed by Magistrate Judge Nancy Joseph. Motions due: 10/1/2020; Response due: 10/12/2020; Reply due: 10/19/2020. (cc: all counsel) (asc) (Entered: 09/22/2020) |
| 09/16/2020 | 14 | | ORDER OF DETENTION PENDING TRIAL as to Cody E Smith signed by Magistrate Judge Stephen C Dries. (cc: all counsel) (asc) (Entered: 09/22/2020) |
| 10/01/2020 | 16 | | MOTION for Extension of Time to File *Pretrial Motions* by Cody E Smith.(Albee, Craig) |
| 10/02/2020 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 10/2/2020 granting 16 Motion for Extension of Time to File as to Cody E Smith (2). Motions due by 10/15/2020; Responses due by 10/26/2020; Replies due by 11/2/2020. I find under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) that the ends of justice served by taking this action outweigh the best interest of the public and the defendant in a speedy trial. The period between today's date and 10/15/2020 is excluded under the Speedy Trial Act. (cc: all counsel) (llc) |
| 10/14/2020 | 20 | | Unopposed MOTION for Extension of Time to File *Pretrial Motions* by Cody E Smith.(Albee, Craig) |
| 10/15/2020 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 10/15/2020 granting 20 Motion for Extension of Time to File as to Cody E Smith (2). Motions due by 10/23/2020; Responses due by 11/2/2020; Replies |

| | | | |
|---|---|---|---|
| | | | due by 11/9/2020. I find under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) that the ends of justice served by taking this action outweigh the best interest of the public and the defendant in a speedy trial. The period between today's date and 10/23/2020 is excluded under the Speedy Trial Act. (cc: all counsel) (sf) |
| 10/22/2020 | 24 | | Third MOTION for Extension of Time to File *Pretrial Motions* by Cody E Smith.(Albee, Craig) |
| 10/23/2020 | | | TEXT ONLY ORDER signed by Magistrate Judge Nancy Joseph on 10/23/2020 granting 24 Motion for Extension of Time to File as to Cody E Smith (2). Motions due by 11/15/2020; Responses due by 11/25/2020; Replies due by 11/30/2020. I find under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) that the ends of justice served by taking this action outweigh the best interest of the public and the defendant in a speedy trial. The period between today's date and 11/15/2020 is excluded under the Speedy Trial Act. (cc: all counsel) (sf) |
| 11/05/2020 | 27 | 15 | INFORMATION as to Cody E Smith (2) count(s) 1s. (amb) |
| 11/05/2020 | 28 | 16 | PLEA AGREEMENT as to Cody E Smith (Frohling, Richard) |
| 11/06/2020 | 29 | | ORDER as to Cody E Smith signed by Judge J P Stadtmueller on 11/6/2020 REFERRING CASE to Magistrate Judge Nancy Joseph to hold plea colloquy and thereafter issue report and recommendation on advisability of accepting Defendant's proposed guilty plea. (cc: all counsel) (McNulty, Ashley) |
| 11/09/2020 | | | NOTICE OF HEARING as to Cody E Smith. Change of Plea Hearing set for 11/10/2020 at 10:00 AM via Zoom before Magistrate Judge Nancy Joseph. Zoom connection information to follow. (cc: all cousnel, USMS, PTS) (blr) |
| 11/09/2020 | | | ZOOM INFORMATION as to Cody E Smith's Change of Plea Hearing set for 11/10/2020 at 10:00 AM before Magistrate Judge Nancy Joseph. Click here to Join ZoomGov Meeting **Meeting ID: 160 305 2437** and **Password: 867361** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel, USMS, PTS) (blr) |
| 11/09/2020 | | | NOTICE OF HEARING as to Cody E Smith. Detention Hearing set for 11/10/2020 10:30 AM By Zoom Video Conference before Magistrate Judge Stephen C Dries. Zoom connection information to follow. (cc: all counsel, USM, PTS)(kah) |
| 11/09/2020 | | | ZOOM INFORMATION as to Cody E Smith; Detention Hearing set for November 10, 2020 at 10:30 AM before Magistrate Judge Stephen C Dries. Click here to Join ZoomGov Meeting **Meeting ID: 161 433 8119** and **Password: 624158** Dial in: +1−669−254−5252 or +1−646−828−7666 (cc: all counsel, USM, PTS) (kah) |
| 11/10/2020 | 30 | | WAIVER OF INDICTMENT by Cody E Smith (Albee, Craig) |
| 11/10/2020 | 31 | | Minute Entry for Change of Plea Hearing held 11/10/2020 before Magistrate Judge Nancy Joseph as to Cody E Smith. Deft signs waiver of indictment. Defendant sworn. Defendant found competent to enter guilty plea. Guilty plea entered as to Count 1 of the Information. Court will recommend to Judge J.P. Stadtmueller that the guilty plea be accepted and defendant be adjudged guilty of the offense. Counsel is to contact Judge J.P. Stadtmueller's chambers |

| | | | |
|---|---|---|---|
| | | | regarding the scheduling of defendant's sentencing hearing. Additional deadlines will be set accordingly. (Court Reporter Zoom Audio) (blr) |
| 11/10/2020 | 32 | | Minute Entry for proceedings held before Magistrate Judge Stephen C Dries: Detention Hearing as to Cody E Smith held on 11/10/2020. Deft has plead guilty to Information. Govt does not oppose his release. Deft is released on O/R bond w/conditions and is to report to PTS in Missouri.(Court Reporter Zoom Audio) (kah) |
| 11/10/2020 | 33 | | ORDER Setting Conditions of Release as to Cody E Smith (2) O/R bond signed by Magistrate Judge Stephen C Dries on 11/10/2020. (cc: all counsel, USM, PTS) (kah) |
| 11/10/2020 | 34 | | REPORT AND RECOMMENDATION signed by Magistrate Judge Nancy Joseph as to Cody E Smith. IT IS RECOMMENDED that Smith's plea of guilty be accepted. (cc: all counsel) (blr) |
| 11/23/2020 | 37 | | Unopposed MOTION for Extension of Time to File *RESPONSE TO MOTION TO SUPRESS* by USA as toMichael Karmo, Cody E Smith.(Honrath, Margaret) |
| 11/30/2020 | 43 | | MOTION for Order *of Preliminary Forfeiture* by USA as toCody E Smith. (Attachments: # 1 Text of Proposed Order Proposed Preliminary Order of Forfeiture)(Honrath, Margaret) |
| 11/30/2020 | 44 | | ORDER signed by Judge J P Stadtmueller on 11/30/2020. The Magistrate Judge Nancy Joseph's Report and Recommendation (Docket # 34) be and the same is hereby ADOPTED as to Cody E Smith (2). (cc: all counsel) (mlm) |
| 12/04/2020 | 45 | | ORDER as to Cody E Smith signed by Judge J P Stadtmueller on 12/4/2020 GRANTING 43 United States' Motion for Preliminary Order of Forfeiture. All right, title, and interest in the property items listed FORFEITED to the United States; such items to be SEIZED by the US Marshals Service or the Bureau of Alcohol, Tobacco, Firearms and Explosives. The United States to PUBLISH notice of this Order and of its intent to dispose of the property according to law. See Order. (cc: all counsel) (jm) |
| 02/18/2021 | 54 | | REVISED PRESENTENCE INVESTIGATION REPORT (Restricted) as to Cody E Smith filed by the US Probation Office. (NOTICE: Counsel for the defendant is required to provide a copy of this document to the defendant. Please note this report has been changed since the last disclosure. Parties allowed to view this document may do so by logging in.) (mh) |
| 02/18/2021 | 55 | | ADDENDUM to PRESENTENCE INVESTIGATION REPORT (Restricted) as to Cody E Smith (NOTICE: Counsel for the defendant is required to provide a copy of this document to the defendant. Parties allowed to view this document may do so by logging in.) (mh) |
| 02/18/2021 | 56 | | SENTENCING RECOMMENDATION (Sealed − for Judge only) filed by US Probation Office as to Cody E Smith (mh) |
| 02/18/2021 | 57 | | OBJECTION TO REPORT AND RECOMMENDATIONS 53 by Michael Karmo as to Michael Karmo, Cody E Smith *Rule 59(b)(3)* (Kohnen, Marc) (Entered: 02/19/2021) |
| 02/25/2021 | 58 | | NOTICE *of Forfeiture* by USA as to Cody E Smith (Honrath, Margaret) |

| 02/25/2021 | 59 | | Certificate of Service by USA as to Cody E Smith (Honrath, Margaret) |
|---|---|---|---|
| 05/25/2021 | 62 | | Unopposed MOTION to Modify Conditions of Release by Cody E Smith.(Albee, Craig) |
| 05/25/2021 | 63 | | TEXT ONLY ORDER signed by Magistrate Judge Stephen C Dries on 5/25/21, as to Cody E. Smith. Defendant's unopposed motion to modify conditions of release, ECF No. 62 , is GRANTED. The order setting conditions of release, ECF No. 33 , is AMENDED to remove the GPS location monitoring condition. (cc: all counsel; WIEP) (jh) |
| 07/01/2021 | | | NOTICE OF HEARING as to Cody E Smith. Sentencing set for 10/15/2021 at 10:30 AM in Courtroom 425, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge J P Stadtmueller. (cc: all counsel)(McNulty, Ashley) |
| 09/30/2021 | 66 | | MOTION to Seal Document by Cody E Smith. (Attachments: # 1 Text of Proposed Order)(Albee, Craig) |
| 09/30/2021 | 67 | | SEALED DOCUMENT  This document is not available electronically and must be served in paper format upon opposing counsel. |
| 09/30/2021 | 68 | | ORDER signed by Judge J P Stadtmueller on 9/30/2021 regarding the Court's COVID−19 safety protocols. All persons physically present before Judge J P Stadtmueller must be fully vaccinated against the COVID−19 virus and provide proof as such. See Order for details. (cc: all counsel) (McNulty, Ashley) |
| 10/04/2021 | | | TEXT ONLY ORDER by Judge J P Stadtmueller on 10/4/2021. Upon consideration of 66 and 67 , the Court GRANTS the motions. Defendant's sentencing hearing scheduled for 10/15/2021 is ADJOURNED. If the parties determine that the sentencing could proceed via Zoom, they may contact the Court to make arrangements. (cc: all counsel) (McNulty, Ashley) |
| 12/22/2022 | | | NOTICE OF HEARING as to Cody E Smith: Sentencing set for 2/10/2023 at 1:00 PM in Courtroom 425, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge J P Stadtmueller. (cc: all counsel) (ats) |
| 01/25/2023 | 104 | | SENTENCING RECOMMENDATION (Sealed − for Judge only) filed by US Probation Office as to Cody E Smith (Haldemann, Elizabeth) |
| 01/25/2023 | 105 | | SECOND ADDENDUM to PRESENTENCE INVESTIGATION REPORT (Restricted) as to Cody E Smith (NOTICE: Counsel for the defendant is required to provide a copy of this document to the defendant. Parties allowed to view this document may do so by logging in.) (Haldemann, Elizabeth) |
| 01/30/2023 | 106 | | Unopposed MOTION To Hold Sentencing Hearing By Video Conference by Cody E Smith.(Albee, Craig) |
| 01/30/2023 | 107 | | SEALED DOCUMENT  This document is not available electronically and must be served in paper format upon opposing counsel. |
| 01/31/2023 | | | TEXT ONLY ORDER as to Cody E Smith by Judge J P Stadtmueller on 1/31/2023. 106 Defendant's unopposed motion for the sentencing hearing scheduled for 2/10/2023 at 1:00 PM to proceed by videoconference is GRANTED. The sentencing hearing set for 2/10/2023 at 1:00 PM shall proceed by Zoom; the Court will email Zoom connection information prior to |

| | | | |
|---|---|---|---|
| | | | the hearing. (cc: all counsel) (ats) |
| 02/02/2023 | | | Set/Reset Hearings as to Cody E Smith: Sentencing set for 2/10/2023 at 1:00 PM by Video Conference before Judge J P Stadtmueller. (jm) (no change in hearing date/time, updated to video conference) |
| 02/08/2023 | 109 | | MOTION to Seal Document by Cody E Smith. (Attachments: # 1 Text of Proposed Order)(Albee, Craig) |
| 02/08/2023 | 110 | | SEALED DOCUMENT This document is not available electronically and must be served in paper format upon opposing counsel. |
| 02/09/2023 | | | TEXT ONLY ORDER as to Cody E Smith by Judge J P Stadtmueller on 2/9/2023. 109 Defendant's motion to seal is GRANTED. The Clerk of Court is directed to maintain the documents docketed at 110 under seal. (cc: all counsel) (ats) |
| 02/10/2023 | 111 | | Minute Entry for proceedings held before Judge J P Stadtmueller: Sentencing held on 2/10/2023 for Cody E Smith. (Court Reporter Sue Armbruster) (ats) (Additional attachment(s) added on 2/10/2023: # 2 RESTRICTED Sentencing Minutes, # 3 RESTRICTED Conditions of Supervised Release) (lz). |
| 02/10/2023 | 112 | | SEALED DOCUMENT (Parties allowed to view this document may do so by logging in.)(lz) |
| 02/10/2023 | 113 | | SEALED DOCUMENT (Restricted) as to Cody E Smith (Parties allowed to view this document may do so by logging in.)(lz) |
| 02/13/2023 | 114 | | LETTER from Craig W. Albee *defendant will not appeal* (Albee, Craig) |
| 02/13/2023 | 115 | | COURT'S FINDINGS to PRESENTENCE INVESTIGATION REPORT (Restricted) as to Cody E Smith (NOTICE: Counsel for the defendant is required to provide a copy of this document to the defendant. Parties allowed to view this document may do so by logging in.) (Haldemann, Elizabeth) |
| 02/23/2023 | 116 | | MOTION for Order *of Forfeiture and Judgment* by USA as to Michael Karmo, Cody E Smith. (Attachments: # 1 Text of Proposed Order)(Honrath, Margaret) |
| 02/23/2023 | 117 | | AFFIDAVIT of Margaret B. Honrath by USA as to Michael Karmo, Cody E Smith (Attachments: # 1 Exhibit A)(Honrath, Margaret) |
| 03/03/2023 | 118 | | ORDER as to Michael Karmo and Cody E Smith signed by Judge J P Stadtmueller on 3/3/2023: GRANTING 116 United States' Motion for Entry of Final Order of Forfeiture and ORDERING that the United States has clear title to and may dispose of the property items specified according to law. See Order. (cc: all counsel) (jm) |
| 03/20/2023 | 119 | | Probation Jurisdiction Transferred to Eastern District of Missouri as to Cody E Smith (mlm) |

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

CLERK OF COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN 2020 SEP 15 P 3 19

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL KARMO &
CODY E. SMITH,

Defendants.

**20-CR-170**

Case No. 20-CR-

[18 U.S.C. §§ 922(g)(1), 922(g)(3), 922(g)(9) & 924(a)(2); 26 U.S.C. §§ 5861(d) & 5871]

## INDICTMENT

### COUNT ONE

### THE GRAND JURY CHARGES THAT:

1.    On or about September 1, 2020, in Kenosha County, in the State and Eastern

District of Wisconsin,

### MICHAEL KARMO and CODY E. SMITH,

knowing that Michael Karmo previously had been convicted of crimes punishable by

imprisonment for a term exceeding one year, knowingly possessed firearms and aided and

abetted Karmo's possession of firearms.

2.    The firearms possessed by Karmo previously had been transported in interstate

commerce, and the possession of which was therefore in and affecting commerce.

3.    The firearms are more fully described as:

    a. A black EP Armory AR-15 with no serial number;

    b. A Mossberg 500 AB 12-Gauge shotgun, bearing Serial Number 086982;

    c. A Taurus PT92AF 9mm handgun, bearing Serial Number TIA60420;

    d. A Ruger 9mm handgun, bearing Serial Number 336-16364; and

    e. A black, cylinder-shaped device with no markings designed and intended to muffle, silence, and reduce the report of a firearm.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.

2

## COUNT TWO

## THE GRAND JURY FURTHER CHARGES THAT:

1.      On or about September 1, 2020, in Kenosha County, in the State and Eastern

District of Wisconsin,

### MICHAEL KARMO and
### CODY E. SMITH

knowingly possessed a firearm, namely a firearm silencer, which was not registered to either

defendant in the National Firearms Registration and Transfer Record.

2.      The firearm silencer is more fully described as a black, cylinder-shaped device

with no markings.

3.      As the defendants knew, the firearm silencer was designed and intended to

silence, muffle, and reduce the report of a firearm.

All in violation of Title 26, United States Code, Sections 5861(d), 5871, and 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      On or about September 1, 2020, in Kenosha County, in the State and Eastern District of Wisconsin,

### CODY E. SMITH,

a prohibited person, knowingly possessed firearms that prior to his possession of them, had been transported in foreign and interstate commerce, and the possession of which was therefore in and affecting commerce.

2.      Smith was prohibited from possessing firearms and ammunition because, as he knew, he was an unlawful user of controlled substances and he previously had been convicted of a misdemeanor crime of domestic violence in Riverside County (California) Case No. INM-194727.

3.      The firearms are more fully described as:

    a.   A black EP Armory AR-15 with no serial number;

    b.   A Mossberg 500 AB 12-Gauge shotgun, bearing Serial Number 086982;

    c.   A Taurus PT92AF 9mm handgun, bearing Serial Number TIA60420;

    d.   A Ruger 9mm handgun, bearing Serial Number 336-16364; and

    e.   A black, cylinder-shaped device with no markings designed and intended to
         muffle, silence, and reduce the report of a firearm.

All in violation of Title 18, United States Code, Sections 922(g)(3), 922(g)(9), and 924(a)(2).

4

## FORFEITURE NOTICE

1.      Upon conviction of a violation of Title 18, United States Code, Section 922(g)(1), 922(g)(3), and 922(g)(9), set forth in Counts One and Three of this Indictment, the defendant(s) shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms, firearm attachments, and ammunition involved in the knowing violation of either or both counts of conviction including, but not limited to the following:

      a.     A black EP Armory AR-15, with muzzle device and optic;

      b.     A Mossberg 500 AB 12-Gauge shotgun, bearing Serial Number 086982;

      c.     A Taurus PT92AF 9mm handgun, bearing Serial Number TIA60420;

      d.     Four (4) 30-round 5.56x45 caliber rifle magazines containing various amounts of ammunition;

      e.     Two (2) 15-round, 9mm, handgun magazines;

      f.     A black Ruger case containing two (2) 17-round, 9mm pistol magazines, fully loaded, plus three (3) 9mm rounds;

      g.     Five (5) 12 Gauge shotgun shells;

      h.     A black, 9mm magazine, partially loaded;

      i.     A black, cylinder-shaped device with no markings designed and intended to muffle, silence, and reduce the report of a firearm.

      j.     A Ruger 9mm handgun, bearing Serial Number 336-16364 with one (1) 9mm round in chamber and one (1) magazine containing nine (9) 9mm rounds;

      k.     A Remington 9mm Luger FMJ, 115 grain 100-round box with sixty-seven (67) rounds; and

      l.     One hundred thirty-one (131) 12 Gauge shotgun shells.

2.      Upon conviction of the offense in violation of Title 26, United States Code, Section 5861(d), set forth in Count Two of this Indictment, the defendant(s) shall forfeit to the United States pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), any firearms, firearm attachments, and ammunition involved in the knowing violation of Section 5861(d), including, but not limited to, a black, cylinder-shaped

device with no markings designed and intended to muffle, silence, and reduce the report of a firearm.

A TRUE BILL:

███████████████████████████

FOREPERSON

Date: September 15, 2020

MATTHEW D. KRUEGER
United States Attorney

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                    Plaintiff,                    Case No. 20-CR-170

        v.

CODY E. SMITH,

                    Defendant.

## INFORMATION

### THE UNITED STATES ATTORNEY CHARGES THAT:

1.      On or about September 1, 2020, in Kenosha County, in the State and Eastern
District of Wisconsin,

### CODY E. SMITH,

a prohibited person, knowingly possessed firearms that prior to his possession of them, had
been transported in foreign and interstate commerce, and the possession of which was
therefore in and affecting commerce.

2.      Smith was prohibited from possessing firearms and ammunition because, as
he knew, he was an unlawful user of controlled substances.

3.      The firearms are more fully described as:

    a.  A Mossberg 500 AB 12-Gauge shotgun, bearing Serial Number
        086982; and

    b.  A Ruger 9mm handgun, bearing Serial Number 336-16364.

All in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

_____
MATTHEW D. KRUEGER
United States Attorney

November 5, 2020
_____
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                              Case No. 20-CR-170

CODY E. SMITH,

Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Matthew D. Krueger, United
States Attorney for the Eastern District of Wisconsin, and Margaret B. Honrath and Richard G.
Frohling, Assistant United States Attorneys, and the defendant, Cody E. Smith, individually and
by attorney Craig W. Albee, pursuant to Rule 11 of the Federal Rules of Criminal Procedure,
enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a three-count indictment, which alleges
violations of Title 18, United States Code, Sections 922(g)(1), 922(g)(3), and 922(g)(9), and
Title 26, United States Code, Sections 5861(d) and 5871.  The defendant is also charged in a
single count information with a violation of Title 18, United States Code, Sections 922(g)(3) and
924(a)(2).

3.      The defendant has read and fully understands the charges contained in the
indictment and the information. He fully understands the nature and elements of the crimes with
which he has been charged, and the charges and the terms and conditions of the plea agreement
have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to waive prosecution by indictment in open

court.

5.      The defendant voluntarily agrees to plead guilty to the Information, which is set

forth in full as follows:

### THE UNITED STATES ATTORNEY CHARGES THAT:

*1.      On or about September 1, 2020, in Kenosha County, in the State
and Eastern District of Wisconsin,*

### CODY E. SMITH,

*a prohibited person, knowingly possessed firearms that prior to his possession of
them, had been transported in foreign and interstate commerce, and the
possession of which was therefore in and affecting commerce.*

*2.      Smith was prohibited from possessing firearms and ammunition
because, as he knew, he was an unlawful user of controlled substances.*

*3.      The firearms are more fully described as:*

*a. A Mossberg 500 AB 12-Gauge shotgun, bearing Serial Number
086982; and*

*b. A Ruger 9mm handgun, bearing Serial Number 336-16364.*

*All in violation of Title 18, United States Code, Sections 922(g)(3) and
924(a)(2).*

6.      The defendant acknowledges, understands, and agrees that he is, in fact, guilty of

the offense described in paragraph 5. The parties acknowledge and understand that if this case

were to proceed to trial, the government would be able to prove the following facts beyond a

reasonable doubt. The defendant admits that these facts are true and correct and establish his

guilt beyond a reasonable doubt:

*Prior to September 1, 2020, Cody E. Smith and his codefendant, Michael Karmo,
decided to travel from Missouri to Kenosha, Wisconsin. Smith and Karmo decided
to make the trip because Kenosha had been the scene of civil unrest following an
officer-involved shooting and because President Trump was visiting the area. At
the time, Smith was prohibited from possessing firearms and ammunition.
Specifically, as Smith knew, he was a regular and unlawful user of marijuana, a
controlled substance.*

2

*On September 1, 2020, law enforcement were alerted by a witness that Karmo and an individual accompanying him (later determined to be Smith) were bringing firearms to Kenosha. The witness provided text messages and photos sent by Karmo, including one in which he and Smith were holding firearms.*

*On September 1, 2020, FBI agents located and arrested Karmo and Smith in Pleasant Prairie, Wisconsin. A search of their vehicle resulted in the recovery of firearms and ammunition, including: (1) an Armory AR-15, with muzzle device and optic; (2) a Mossberg 500 AB 12-Gauge shotgun, bearing Serial Number 086982; (3) a Taurus PT92AF 9mm handgun, bearing Serial Number TIA60420; (4) a homemade suppressor; (5) four 30-round 5.56x45 caliber rifle magazines – including one partially loaded with armor-piercing ammunition; (6) two 15-round, 9mm, handgun magazines; (7) two loaded, 17-round, 9mm pistol magazines, plus three additional 9mm rounds; (8) five 12 Gauge shotgun shells; and (9) a partially-loaded 9mm magazine. Law enforcement also recovered body armor, a drone and drug paraphernalia from the vehicle.*

*A search of a hotel room used by Karmo and Smith resulted in the further recovery of: (1) a loaded Ruger 9mm handgun, bearing Serial Number 336-16364; (2) 67 rounds of 9mm ammunition; and (3) over 130 shells for a 12-gauge shotgun.*

*When interviewed by the FBI, Smith initially stated that all four of the above firearms were his. Smith later stated that the Taurus PT92AF 9mm handgun belonged to Karmo and that Smith was in the process of buying the AF-15 from Karmo. Smith acknowledged that while they were packing for their trip to Kenosha, he and Karmo took a photograph of themselves holding the shotgun and assault rifle. Smith acknowledges that the firearms described above had traveled in interstate commerce prior to the possession of them by Karmo and Smith in Wisconsin.*

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

7.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum term of imprisonment of ten (10) years and a maximum fine of $250,000. The count also carries a mandatory special assessment of $100 and up to three (3) years of supervised release.

3

8.      The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF INDICTMENT

9.      The government agrees to move to dismiss the indictment as to Cody Smith at the time of sentencing.

## ELEMENTS

10.      The parties understand and agree that in order to sustain the charge of possession of a firearm by a prohibited person, as set forth in the Information, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;
Second, at the time of his possession, the defendant knew that he was an unlawful user of a controlled substance; and
Third, prior to the defendant's possession, the firearm had been shipped or transported in interstate commerce.

## SENTENCING PROVISIONS

11.      The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12.      The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13.      The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

4

14.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

15.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

17.     The parties understand and acknowledge that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in the Information is 20 under Sentencing Guidelines Manual § 2K2.1(a)(4)(B).  The defendant is not bound by this recommendation.

5

### Specific Offense Characteristics

18.     The parties agree to recommend that based on the number of firearms possessed by the defendant as part of the offense and relevant conduct, a 2-level increase applies under Sentencing Guidelines Manual § 2K2.1(b)(1)(A).

### Role in the Offense

19.     Pursuant to Sentencing Guidelines Manual §§ 3B1.1 and 3B1.2, the parties agree to recommend that no adjustment be given for the defendant's role in the offense.

### Acceptance of Responsibility

20.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

21.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

6

23.     The government agrees to recommend a sentence at the bottom of the applicable sentencing guideline range, as determined by the court.  The defendant is free to recommend any sentence he deems appropriate, including a time-served disposition or probation.

## Court's Determinations at Sentencing

24.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

26.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.  The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule.  The defendant agrees not to request any delay or stay in payment of any and all financial obligations.  If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

7

## Special Assessment

27.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Forfeiture

28.     The defendant agrees that all items listed in the forfeiture notice in the indictment were involved in a knowing violation of the offense of conviction. The defendant acknowledges that he has an interest in the listed items and agrees to the forfeiture of these items and to the immediate entry of a preliminary order of forfeiture. The defendant further agrees that he will not contest the forfeiture of destruction of the firearms and ammunition recovered during law enforcement's search of the residence at 84XX Hwy 5, in Hartville, Missouri, on September 3, 2020.

## DEFENDANT'S WAIVER OF RIGHTS

29.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a.      If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b.      If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

8

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30.  The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31.  The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32.  The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

9

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## Further Civil or Administrative Action

33.     The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

34.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

36.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

10

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

37.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

38.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

11

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 11-03/2020

CODY E. SMITH
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: Nov. 4, 2020

CRAIG W. ALBEE
Attorney for Defendant

For the United States of America:

Date: 11/4/20

MATTHEW D. KRUEGER
United States Attorney

Date: 11/4/20

RICHARD G. FROHLING
First Assistant United States Attorney

Date: 11/4/20

MARGARET B. HONRATH
Deputy Criminal Chief

12